SMITH vs. THE CONGREGATIONAL SOCIETY OF NAUGATUCK AND ANOTHER.

The provisions of the statutes, in force in 1852, " Securing, to Mechanics, a lien on Land and Buildings," do not extend to a sub-contractor, who has performed services, and furnished materials in the construction of a building, on the credit of the original contractor, without the proprietor's assent to the sub-contract.

THIS was a bill in equity, brought by Edwin Smith, against the Naugatuck Congregational Society, and Roswell J. Brown.

The plaintiff claimed a mechanic's lien for materials and labor, furnished toward the erection of a church edifice, and brought the present bill for a foreclosure.

The cause was referred to a committee, whose report embraced the following facts.

On the 29th day of April, 1854, the defendant entered into a written agreement, in which said Brown agreed to erect a church edifice, for said society, for the sum of $————. About the 1st of May, 1854, the plaintiff contracted with Brown to build the stone-work of the edifice, including the painting and penciling of said work, for the sum of $1,050. This sub-contract was by parol, and between the plaintiff and Brown alone, without the assent of the society.

In pursuance of his sub-contract, the plaintiff, on the 16th day of May, 1854, began to furnish materials, and execute said stone-work, and completed said contract on the 27th of July, 1854, with the exception of the painting and penciling; and on the 25th of August, 1854, the plaintiff filed his lien in the office of the town-clerk of Naugatuck, for his services and materials, furnished as aforesaid. On the 23d of August, 1854, Brown became, and has still continued to be, insolvent, and on the 1st of February, 1855, he abandoned his contract, and the society received, and thereafter continued to hold, the same, as their own property. At the time of said abandonment, to complete the building, as Brown contracted to finish it, would cost from $2,800, to $3,500.

The society, from the time of making the contract with Brown to the time of his abandonment of the same, fulfilled all their obligations under it, and were, at all times, in their payments, in advance of its requirements; but they did not thereby admit Brown's right to call on them for money, further than the contract specified that payments were to be made.

The question, as to what decree ought to be passed in the case, was reserved for the advice of this court.

*H. B. Munson* for the plaintiff.

*Baldwin,* and *Kellogg & Carter,* and *Sanford,* for the defendants.

HINMAN, J. The principal question, in this case, is the same as one of the questions which arose in the case of the *Presbyterian Society of Greens' Farms* v. *Staples and others*, which was determined at the late term of this court, in Fairfield county, *viz.:* Whether a sub-contractor, who renders services, or furnishes materials, in constructing a building, on the credit of the original contractor, without the assent in writing, or otherwise, of the proprietor, can maintain a lien upon the premises, under the statute of 1852.

Having decided this question against the validity of the lien, it must control the decision of this case.

As we hold that there can be no valid lien in favor of the plaintiff, it is unnecessary to go into the question whether, under the circumstances of this particular case, the state of the account, between the original contractor and the society, is such as to entitle the plaintiff to a lien, had the decision been the other way. The bill must therefore be dismissed.

In this opinion the other judges concurred, except WAITE, C. J., who dissented for the reasons stated, by him, in the case of the *Presbyterian Society* v. *Staples and others*, decided at the term of this court, holden in the county of Fairfield, in June, 1855.

Bill dismissed.